**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IDA MAREZ** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:22-cv-00307** |
| | § | |
| **KELLAN RESTAURANT** | § | |
| **MANAGEMENT CORP. D/B/A 54th** | § | |
| **ST. RESTAURANT AND** | § | |
| **DRAFTHOUSE** | § | |

**KELLAN RESTAURANT MANAGEMENT CORP D/B/A 54TH ST. RESTAURANT AND DRAFTHOUSE'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COME KELLAN RESTAURANT MANAGEMENT CORP D/B/A 54TH ST. RESTAURANT AND DRAFTHOUSE'S ORIGINAL ANSWER (hereinafter "Defendant"), and as their Original Answer would respectfully show unto the Court as follows:

**FIRST DEFENSE**

These Defendants further allege that the incidents to which the Plaintiff refers and the resulting damages to the Plaintiff, if any, which is not admitted but denied, were caused by the actions and/or omissions of Plaintiff and/or third persons over whom Defendants had no control, which were negligent, negligent per se, intentional or otherwise, and each of which were a proximate or producing cause, a sole cause, or a new and intervening and independent cause of the incident to which Plaintiff complains and the resulting damages to the Plaintiff, if any.

**SECOND DEFENSE**

These Defendants generally deny each and every allegation contained in the Plaintiff's Petition and demand strict proof thereof, except as otherwise stated herein.

### THIRD DEFENSE

Defendants plead Chapters 32 and 33 of the Texas Civil Practice & Remedies Code dealing with contribution and comparative responsibility, and require that the damages be assessed in accordance with those provisions.

### FOURTH DEFENSE

These Defendants allege that the Plaintiff's claim for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, and/or by Plaintiff's acts of negligence. The same may constitute negligence *per* se, and Defendants request that the jury be so instructed.

### FIFTH DEFENSE

These Defendants assert all rights to which they are entitled pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including but not limited to, their right to pursue percentage reduction, monetary credit, offset and/or other relief provided under the laws of Texas for any settlement agreements between Plaintiff and any settling person or party, the right to a separate determination by the trier of fact to the percentage of responsibility for each claimant, each defendant, each settling person, and/or each responsible third party.

### SIXTH DEFENSE

Pursuant to Tex. Civ. Pract. & Rem. Code §41.0105 and the laws of Texas, SKECHERS USA claim and assert the right to have the Plaintiff's recovery of medical or health care expenses, if any, limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

4869-0793-8329, v. 1

## ADMISSIONS AND DENIALS

1. In response to paragraph 1, there is nothing to admit or deny in that paragraph.

2. In response to paragraph 2, the allegations made by the Plaintiff made in this paragraph are admitted.

3. In response to paragraph 3, it is admitted except that Defendant is not a citizen of Texas.

4. In response to paragraph 4, it is admitted that the amount in controversy exceeds the minimum jurisdictional limits of the district court. It is admitted that Plaintiff is a citizen of Texas. It is denied that Defendant is a citizen of the State of Texas. It is admitted Defendant does business in the State of Texas.

5. In response to paragraph 5, it is admitted.

6. Defendant denies paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

7. In regard to paragraph 25, Defendant agrees but denies it is liable for the damages Plaintiff claims.

8. In regard to paragraph 26, Defendant agrees.

9. In regard to paragraphs 27 and 28, there is nothing to admit or deny.

10. In regard to the ad damnum, Defendants say that the Plaintiff is not entitled to recover the relief sought in her ad damnum in her petition.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, KELLAN RESTAURANT MANAGEMENT CORP D/B/A 54TH ST. RESTAURANT AND DRAFTHOUSE'S, pray that the Plaintiff's suit be dismissed or, in the alternative, that Plaintiff take nothing against

these Defendants and that these Defendants be allowed to go hence without day with their costs, as well as for such other and further relief to which they may be justly and equitably entitled.

>Respectfully submitted,
>
>*Evan F. Patterson*
>E.F. Patterson
>State Bar No. 20888450
>Shane O'Dell
>State Bar No. 24065835
>**ATTORNEY FOR DEFENDANTS**
>**KELLAN RESTAURANT MANAGEMENT**
>**CORP. D/B/A 54th St. RESTAURANT AND**
>**DRAFTHOUSE**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas  78216
Telephone: (210) 731-6350
Facsimile:   (210) 785-2950
epatterson@namanhowell.com

4869-0793-8329, v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of **March 2022**, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-mail**:

Abel Trevino
State Bar No. 24081181
The Law Offices of Thomas J. Henry
5711 University Heights Blvd., Ste. 101
San Antonio, TX 78249
abeltrevino-svc@thomasjhenrylaw.com
**ATTORNEY FOR PLAINTIFF**

*Evan F. Patterson*
E.F. Patterson

4869-0793-8329, v. 1